**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF TENNESSEE**

DEBTOR **ROBERT WAYNE WETNIGHT**  Case No. **15-04186-RM3-13**
**SSN XXX-XX- 6858**

ORDER CONFIRMING CHAPTER 13 PLAN, GRANTING RELATED MOTIONS
AND NOTICE OF OPPORTUNITY TO OBJECT

The Court finds that it is in the best interests of creditors and the estate to hold a hearing on confirmation earlier than 20 days after the meeting of creditors and that no party has objected to the early hearing date.

The debtor's plan has been transmitted to scheduled creditors and it has been determined after notice and an opportunity for hearing that the plan meets the confirmation requirements of 11 U.S.C. § 1325; therefore, It is ORDERED that:

1. The plan is confirmed as provided below.

   The debtor is enjoined from incurring any debts except debts necessary for emergency medical or hospital care pursuant to 11 U.S.C. § 1305.

2. The debtor shall make payments to the Trustee as follows:

   **$100.00 BI-WEEKLY from AM GUARD SECURITY CORP**

   Debtor shall pay to the trustee at least a base amount of **$13,000.00**, to complete payments under the plan. Any funds remaining from the base after making the other disbursements required by this order shall be used to increase the distribution to allowed nonpriority unsecured claims addressed in paragraph 3(i).

   If this order requires the debtor to turn over to the trustee income tax refunds, the debtor shall supply the Trustee with a copy of each income tax return filed during the plan term within 14 days after filing the return.

3. From funds received, the Trustee shall disburse:

   a. To the Court Clerk the sum of **$235.00 [Class 1]** and **$75.00 [Class 2]** for filing and noticing fees.

   b. To the Trustee, compensation and expenses pursuant to 28 U.S.C. § 586(e) and 11 U.S.C. § 1326(b)(2).

   c. To the following holders of "long term" debts, the regular payment stated below and the arrearage through the date stated below (subject to allowance of the claims); except that the amounts listed on timely-filed proofs of claim control over any contrary amounts listed below as to the regular payments and arrearages:

   **There are no long term claims paid by the Trustee.**

d. To the following holders of secured claims, the value of the identified collateral as determined by this order pursuant to 11 U.S.C. § **506** (subject to allowance of the claims):

| Creditor Name/Collateral | Interest Rate | Secured Claim | Monthly Payment | Class |
|---|---|---|---|---|

-------------- **NONE** --------------

For secured claims of governmental units, the amount of the secured claim listed in a properly filed proof of claim controls over any contrary amount listed above, and allowed secured claims of governmental units shall be paid the amount of the secured claim stated on the proof of claim.

Each creditor listed above shall retain its lien pursuant to 11 U.S.C. § 1325(a)(5)(b) until the earlier of (1) payment of the underlying debt determined under nonbankruptcy law or (2) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the claimholder.

e. To the following holders of claims secured by purchase money security interests in motor vehicles incurred within **910** days preceding the petition for the personal use of the debtor(s) or secured by purchase money security interests in any other thing(s) of value incurred within 1 year preceding the filing, the amount of each creditor's allowed claim (unless the creditor is deemed to have accepted payment of a different amount as designated by an *):

| Creditor/Collateral | Interest Rate | Claim Amt To Be Pd | Monthly Payment | Class |
|---|---|---|---|---|

-------------- **NONE** --------------

Each creditor listed above shall retain its lien pursuant to 11 U.S.C. § 1325(a)(5)(b) until the earlier of (1) payment of the underlying debt determined under nonbankruptcy law or (2) discharge under 11 U.S.C. § 1328, at which time the lien shall terminate and be released by the claimholder.

To any creditor deemed to have accepted the plan (as designated by an *), the Trustee shall pay the allowed claim as a secured claim under this paragraph only to the extent of the claim amount stated above. The portion of any such allowed claim that exceeds the claim amount stated above will be treated as an unsecured claim under paragraph 3(i).

f. **To the debtor's attorney, ROTHSCHILD AND AUSBROOKS PLLC, the sum of $1,950.00 to be paid pro rata. [Class 3]**

   **Total fee awarded to attorney is $1,950.00 .**

g. To the following holders of claims entitled to **priority** under 11 U.S.C. § 507, payment in full in the manner described (subject to allowance of the claims): **NONE**

h. To the following holders of unsecured claims in classes, payment in classes, as shown below (subject to allowance of the claims):

-------------- **NONE** --------------

i. To the holders of allowed claims not otherwise provided for, pro rata payment of a dividend of at least **20.00%**. In no event shall the total amount paid to claims under paragraph 3(h) and 3(i) be less than **$5,286.00**. **[Class 4]**

4. The plan rejects all executory contracts except as listed below.  Any payments on assumed executory contracts are subject to allowance of the claims.

--------------- **NONE** ---------------

5. Other provisions of the plan, including payments to be made directly by debtor, collateral to be surrendered and other conditions:

   **GENERAL CREDIT CORPORATION treated unsecured and liens avoided per 522(f). (VOID LIEN)**
   **SECURITY FINANCE COMPANY treated unsecured and liens avoided per 522(f). (VOID LIEN)**

   If there is a surrender of property securing a claim, the automatic stays under 11 U.S.C. §§ 362(a) and 1301 terminate with respect to the collateral upon entry of this order. Any allowed unsecured claim resulting from the disposition of surrendered collateral will be treated as a nonpriority unsecured claim under paragraph 3(i). Unless specified, the Trustee does not abandon the estate's interest in surrendered collateral.

   If relief from the automatic stay is ordered as to any item of collateral listed in paragraphs 3(c), 3(d) or 3(e), all payments under those paragraphs on account of claims secured by that collateral will cease.

   **Post-petition claims, allowed pursuant to 11 U.S.C. §1305, shall be paid pro rata but subordinated to the payment of unsecured claims as provided in Paragraph 3 above.   [Class 5]**

6. The plan is expected to last approximately **60** months.  The plan will not be complete unless the payments to creditors specified in this order have been made.

7. Creditors that fail to advise the Trustee of address changes may be deemed to have abandoned claims.

8. All property shall remain property of the estate and shall vest in the debtor only upon **discharge or the closing of the case, whichever occurs earlier**. The debtor shall be responsible for the preservation and protection -  including insurance - of all property of the estate.

9. The Court finds that all information required under § 521(a)(1)(B) has been submitted and that the case is not dismissed pursuant to § 521(i).

10. Trustee and/or debtor retain the right to pursue any causes of action for the benefit of the debtor and/or the estate-including avoidance and recovery actions and actions that would upset the liens of creditors treated as secured under the confirmed plan.

**NOTICE OF OPPORTUNITY TO OBJECT**

Pursuant to 11 U.S.C. §§ 1323 and 1324 and Fed. R. Bankr. P. 9021, 2002 and 3015, as to any preconfirmation modifications of the plan this order shall not become final for 28 days.  Any party in interest seeking to be relieved from any preconfirmation modification of this order pursuant to Rule 9023 Fed. R. Bankr. P. must file a motion within that 28 day period.  Failure to timely file such motion shall be deemed a waiver of all objections to any changes or modifications to treatment of claims made at confirmation and an acceptance of the provisions of this confirmed plan. As to all other matters, this order shall be final upon entry.  The trustee may disburse funds pursuant to this confirmation order upon entry.

 Approved:

<u>/s/ROTHSCHILD AND AUSBROOKS PLLC</u>
ATTY FOR THE DEBTOR
1222 16TH AVE SOUTH SUITE 12
NASHVILLE, TN  37212
615-242-3996
notice@rothschildbklaw.com

341 Date: **August 04, 2015**
Case no: **15-04186-RM3-13**
Printed: **08/05/2015     4:35 pm**